Christina M. Jepson, USB #7301
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
CJepson@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (*pro hac vice*)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for Defendant Skywest Inflight Association*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>　　　Defendant. | NOTICE OF MOTION FOR TRANSFER OF RELATED CASE<br><br>Case No. 2:24-cv-00492<br><br>Magistrate Judge Dustin B. Pead |

　　　Pursuant to Local Rule DUCivR 83-2(g), Defendant SkyWest Inflight Association ("SIA") files this Notice of Motion for Transfer of Related Case. *Association of Flight Attendants-CWA v. SkyWest, Inc.* ("AFA Lawsuit"), Case No. 2:23-cv-00723-DBB, a case in which SIA is also a defendant and which involves the same circumstances, many of the same operative facts, and some overlapping legal issues, is currently being litigated in the United

4875-6995-5298.v1

States District Court for the District of Utah before the Honorable Judge David B. Barlow. SIA respectfully believes that having both cases heard before Judge Barlow will avoid the risk of inconsistent verdicts, as well as an unnecessary duplication of labor and judicial resources. Accordingly, SIA has filed a motion in the lower-numbered case for transfer of this case to Judge Barlow's docket.

Local Rule 83-2(g) provides that when two or more cases are pending before different judges of this Court, a party to the later-filed and higher-numbered case may request that that case be transferred to the judge assigned to the lower-numbered case.[1] *See* DUCivR 83-2(g). As this Court has recently noted, such a "transfer of cases" is authorized when it would be "in the interest of judicial economy and fairness." *Rain Int'l, LLC v. Cook*, No. 2:20-CV-00537-JNP-DBP, 2023 WL 1930336, at *1 (D. Utah Feb. 10, 2023) (cleaned up). Given that SIA is a defendant in both suits which are grounded in the same facts, judicial economy and fairness would be best served by a transfer.

Local Rule 83-2(g) provides eight factors which the court "may consider." DUCivR 83-2(g). These include: (1) whether the cases arise from the same or a closely related transaction or event; (2) whether the cases involve substantially the same parties or property; (3) whether the cases call for a determination of the same or substantially related questions of law and fact; (4) whether the cases would entail substantial duplication of labor or unnecessary court costs or delays if heard by different judges; (5) whether there is risk of inconsistent verdicts or outcomes; and (6) whether the motion has been brought for an improper purpose. As explained in detail below, each of these factors weigh in favor of

---

[1] Transfer under Local Rule 83-2(g) is distinct from consolidation under Federal Rule of Civil Procedure 42(a). While SIA is only seeking transfer at this time, consolidation may be appropriate at a later stage of both cases and would be facilitated by a transfer now.

transfer here. Because the relevant factors as outlined in the rule are met, transfer to Judge Barlow's docket is appropriate.

First, Local Rule 83-2(g) instructs courts to determine "whether the cases arise from the same or a closely related transaction or event" and "whether the cases involve substantially the same parties or property" in determining whether to grant a motion for transfer. *See* DUCiv83-2(g)(1), (2). The claims at issue in the AFA Lawsuit and the DOL Lawsuit involve a common set of facts: the circumstances surrounding the 2023 election of SIA officers and SIA's reporting requirements under the LMRDA. While there are different plaintiffs, SIA is a defendant in both cases and the factual overlap regarding SIA's actions is significant. So these first two factors weigh strongly in favor of transfer.

Second, the Rule asks the Court to consider whether the two cases would require the "determination of the same or substantially related questions of law and fact." *See* DUCiv83-2(g)(4). Given the interrelation of the claims at issue, the factual overlap, and that SIA is a defendant in both cases, these cases require the determination of the same or substantially related questions of law and fact. Those questions involve, among other things, what was required of SIA under the LMRDA and the circumstances surrounding the 2023 election of SIA officers. Factual findings and legal conclusions in one case could affect the other case and so this factor too weighs in favor of transfer.

Third, the Rule contemplates whether "the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges" and the "risk of inconsistent verdicts or outcomes." *See* DUCiv83-2(g)(5), (6). As previously discussed, both lawsuits bring claims against SIA alleging a similar set of facts. This lawsuit raises issues under the Railway Labor Act and the LMRDA, while the DOL Lawsuit brings claims under

4875-6995-5298.v1

the LMRDA. Both raise factual and legal questions regarding SIA's status as labor organization. It's both unnecessary and inefficient for two different judges in the same district to familiarize themselves with the interplay of these facts and laws. More importantly, there is a significant risk of inconsistent outcomes or verdicts because of the similarity of the issues in each case. Both lawsuits require the court to determine the legal status and characterization of SIA, as well as make factual findings concerning the 2023 election of representatives. If, for example, in the DOL Lawsuit, the court determines that SIA is a local labor organization, this determination could inform questions of election and reporting requirements in the AFA Lawsuit. The interests of the Court and the parties in the uniformity of any decisions weigh in favor of transfer.

Finally, the Local Rule provides that the Court may consider whether "the motion has been brought for an improper purpose." *See* DUCivR 82-3(g)(7). As addressed above, the applicable factors set forth in the Rule weigh heavily in favor of transfer. SIA appropriately seeks to promote judicial efficiency and eliminate the risk of inconsistent rulings. Accordingly, the motion has been brought for a proper purpose.

As the relevant factors of Local Rule 83-2(g) weigh in favor of transfer, SIA has moved for transfer of this case to Judge Barlow's docket.

DATED September 19, 2024.

/s/ *Christina M. Jepson*
Christina M. Jepson

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2024, I filed a true and correct copy of the foregoing **NOTICE OF MOTION FOR TRANSFER OF RELATED CASE** via the Court, which automatically effectuated service on all parties of record.

/s/ Christina M. Jepson

4875-6995-5298.v1