FELICE J. VITI, Acting United States Attorney (7007)
JOEL A. FERRE, Assistant United States Attorney (7517)
ANNE E. RICE, Assistant United States Attorney (7971)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
joel.ferre@usdoj.gov
anne.rice@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **ANSWER TO COUNTERCLAIM**<br><br>Case No. 2:24-cv-00492-DBB-DBP<br><br>Judge David Barlow<br>Chief Magistrate Judge Dustin B. Pead |
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaim Plaintiff,<br>v.<br><br>LORI CHAVEZ-DEREMER, Secretary of the United States Department of Labor; and the UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

**FIRST DEFENSE**

Secretary of Labor Lori Chavez-DeRemer and the United States Department of Labor ("DOL") answer the counterclaims filed by Counterclaim Plaintiff SkyWest InFlight Association ("SIA") as follows:

1. Paragraph 1 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that a) SIA is a labor organization under the Labor-Management Reporting and Disclosure Act ("LMRDA"); b) SIA is based in Utah; and c) SIA is the exclusive labor representative of the approximately 4,600 flight attendants employed by SkyWest around the country pursuant to the Railway Labor Act. The Secretary and DOL deny the remaining allegations, including that SIA is a "national" labor organization under the LMRDA.

2. The Secretary and DOL admit Lori Chavez-DeRemer is the Secretary of the United States Department of Labor and that the DOL is headquartered in Washington, D.C. The remainder of Paragraph 2 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny that 5 U.S.C. § 552(f)(1) is applicable to this case, as SIA has withdrawn all claims that the DOL violated the Freedom of Information Act ("FOIA").[1]

3. Paragraph 3 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the DOL is headquartered in

---

[1] Counterclaim Plaintiff withdrew its counterclaim asserting violations of the Freedom of Information Act. *See SIA Opp'n to Pl.'s Mot. to Dismiss,* ECF No. 67, at 2, n.1.

Washington, D.C., but deny that 5 U.S.C. § 552(f)(1) is applicable to this case, as SIA has withdrawn all claims that the DOL violated FOIA.

4. Paragraph 4 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, but deny this court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because SIA has withdrawn all claims that the DOL violated the FOIA. The Secretary and DOL deny this court has jurisdiction pursuant to 28 U.S.C. § 1361, because SIA has not requested mandamus relief.

5. Paragraph 5 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit this court is a proper venue pursuant to 28 U.S.C. § 1391(b) and (e), but deny that venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) because SIA has withdrawn all asserted violations of FOIA.

6. Admit.

7. Admit.

8. Admit.

9. Admit that upon a review of SIA's functions, purposes, and structure, the Secretary determined SIA was a local labor organization for purposes of the LMRDA. Deny the remaining allegations.

10. Paragraph 10 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

11. Deny.

12. Paragraph 12 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that a labor organization's self-categorization is one factor, but not a decisive factor, to consider when determining whether a labor organization is a local or a national and that the Secretary considered SIA's self-categorization as one factor in concluding that SIA is a local labor organization. The Secretary and DOL deny the remaining allegations.

13. Deny.

14. Paragraph 14 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

15. Admit that Congress enacted the Railway Labor Act ("RLA") in 1926, *see* 45 U.S.C. § 151 *et seq.*, that Congress amended the RLA in 1936, *see* 45 U.S.C. § 181 *et seq.*, and that Congress enacted the LMRDA in 1959, *see* 29 U.S.C. § 401 *et seq*. The remaining allegations in Paragraph 15 consist of legal conclusions which require no response.

16. Paragraph 16 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and lists its "purposes" in 45 U.S.C. § 151a.

17. Paragraph 17 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and is codified at 45 U.S.C. § 151 *et seq*.

18. Paragraph 18 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and is codified at 45 U.S.C. § 151 *et seq*.

19. Admit that SIA has been the exclusive representative of SkyWest flight attendants for over 30 years. Deny the remaining allegations.

20. Admit.

21. Admit that the quoted section in paragraph 21 is from 29 U.S.C. § 523. Deny the remaining allegations.

22. Admit that SIA carries out functions typical of local labor organizations. Deny the remaining allegations.

23. Deny.

24. Deny.

25. The Secretary and DOL are without knowledge or information necessary to admit or deny.

26. Admit that the Secretary classified SIA as a local labor organization following an investigation and applying the purposes and functions test showing that it is the labor organization closest to its members. Deny the remaining allegations.

27. The Secretary and DOL are without knowledge or information necessary to admit or deny.

28. Deny.

29. Admit that one claim in *Acosta v. APFA*, Civil Action No. 4:16-cv-1057-A (N.D. Tex. 2016) arose under 29 U.S.C. § 401(a). Deny the remaining allegations.

30. Deny.

31. Paragraph 31 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

**FIRST CAUSE OF ACTION**

32. The Secretary and DOL incorporate their answers to all other allegations in the counterclaims.

33. Deny.

34. Paragraph 34 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the allegations.

35. Paragraph 35 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that for the purposes of Title IV of the LMRDA, whether a labor organization is a national or local determines the frequency and method of electing officers. The Secretary and DOL deny the remaining allegations.

36. Paragraph 36 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that the quoted language is contained in 29 C.F.R. § 452.11.

37. The Secretary and DOL admit that the Secretary determined SIA is a local labor organization, and that SIA disagrees. The Secretary and DOL deny the remaining allegations.

38. The Secretary and DOL admit Paragraph 38 describes the relief SIA seeks through its counterclaims. The Secretary and DOL deny the remaining allegations.

39. Paragraph 39 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

40. Paragraph 40 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit Title IV of the LMRDA governs how

SIA must conduct its officer elections, and what rights SIA's members have with respect to free and fair elections. The Secretary and DOL deny the remaining allegations.

41. The Secretary and DOL are without knowledge or information necessary to admit or deny.

42. The Secretary and DOL admit Paragraph 42 describes the relief SIA seeks through its counterclaims. Deny SIA is entitled to seek declaratory relief.

### SECOND CAUSE OF ACTION

43. The Secretary and DOL incorporate their answers to all other allegations in the counterclaims.

44. Paragraph 44 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit SIA quoted an excerpt of 5 U.S.C. §§ 706(2)(A), (C). Deny that the Administrative Procedures Act applies.

45. Paragraph 45 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit SIA quoted an excerpt of 5 U.S.C. § 706(2)(A). Deny that the APA applies.

46. Paragraph 46 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that for the purposes of Title IV of the LMRDA, whether a labor organization is a national or local determines the frequency and method of electing officers.

47. Paragraph 47 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the allegations.

48. Paragraph 48 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the quoted language is in 29 C.F.R. § 452.11.

49. Deny.

50. Deny.

51. Paragraph 51 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

52. Paragraph 52 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.[2]

53. Deny.

54. Admit.

55. The Secretary and DOL admit that Title IV of the LMRDA requires local labor organizations to conduct officer elections not less often than once every three years by secret ballot among members in good standing; and that national labor organizations must conduct officer elections not less often than once every five years either by secret ballot among the members in good standing or at a convention of delegates chosen by secret ballot. *See* 29 U.S.C. § 481(a), (b). The Secretary and DOL deny the remaining allegations.

56. The Secretary and DOL are without knowledge or information necessary to admit or deny.

---

[2] The court has dismissed SIA's non-delegation doctrine cause of action because the LMRDA does not violate the non-delegation doctrine. *See* Mem. Dec. & Order, ECF No. 77.

57. The Secretary and DOL admit Paragraph 57 describes the relief SIA seeks through its counterclaims. The Secretary and DOL deny that SIA is entitled to the relief it seeks.

## SECOND DEFENSE

The counterclaims fail to state a claim on which relief can be granted.

## THIRD DEFENSE

SIA is not entitled to attorney's fees or costs.

## FOURTH DEFENSE

To the extent the counterclaim includes a challenge to an agency policy or practice, SIA has failed to exhaust administrative remedies.

## FIFTH DEFENSE

Any and all damages and injury alleged in the counterclaims were caused in whole or in part by the conduct, fault or negligence of persons or entities other than the Secretary and DOL.

## SIXTH DEFENSE

The Secretary and DOL intend to rely upon any other defense that may become available or appear during the course of discovery in this case.

## SEVENTH DEFENSE

SIA is not entitled to injunctive relief because SIA is unlikely to prevail on the merits, there is no imminent threat of harm, the balance of hardships do not weight in SIA's favor, and injunctive relief would not be in the public interest.

## GENERAL DENIAL

The Secretary and DOL deny every allegation in the counterclaims in this matter except as expressly and specifically admitted.

**PRAYER FOR RELIEF**

The Secretary and DOL request that the counterclaims be dismissed with costs and that the court award such further relief as may be appropriate.

Dated this 11th day of August, 2025.

                FELICE J. VITI
                Acting United States Attorney

                */s/ Joel A. Ferre*
                JOEL A. FERRE
                ANNE E. RICE
                Assistant United States Attorneys

OF COUNSEL:

JONATHAN L. SNARE, Acting Solicitor of Labor
BEVERLY DANKOWITZ, Associate Solicitor
ELEANORE I. SIMMS, Counsel for Labor-Management Policy
KEVIN J. KOLL, Senior Attorney, U.S. Department of Labor
CHRISTA HENDERSON, Senior Attorney, U.S. Department of Labor
TRACY WOLF, Attorney, U.S. Department of Labor