MELISSA HOLYOAK, United States Attorney (9832)
ANNE E. RICE, Assistant United States Attorney (7517)
HANNAH ANDREWS, Assistant United States Attorney (18157)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
anne.rice@usdoj.gov
hannah.andrews@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **SHORT FORM DISCOVERY MOTION TO COMPEL**<br><br>Case No. 2:24-cv-00492-DBB-DBP<br><br>Judge David B. Barlow<br>Magistrate Judge Dustin B. Pead |
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>KEITH E. SONDERLING, Acting Secretary, United States Department of Labor, and the UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

Plaintiff Keith Sonderling, Acting Secretary of Labor, moves to compel Defendant SkyWest InFlight Association (SIA) to produce a 30(b)(6) witness to testify about deposition Topic 6.

This case arises under Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA) and is in Phase I of discovery, which addresses whether SIA should be classified as a national or local labor organization under the LMRDA. The classification inquiry focuses on SIA's functions, structure, and purposes. *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*, 736 F.2d 618, 623 (10th Cir. 1984); 29 C.F.R. § 451.11. At stake is how much democratic control SIA's members exercise over their union, because locals are subject to stronger oversight by members. *See id.* at 622–23 (It was "especially important" to Congress to ensure "accountability of . . . officials with whom union members have the most direct contact.").

SIA's election procedures minimize democratic participation by its members. At the same time, SIA has struck a close relationship with SkyWest, Inc. (the employer of SIA's members). SkyWest funds SIA in lieu of membership dues. SkyWest also admits it provided legal input regarding the amendment of SIA's Bylaws. This input and funding may allow SkyWest to shape SIA's functions and purposes.

The Secretary noticed Topic 6, which covers SIA's relationship with SkyWest, and any role or input SkyWest has regarding SIA's functions, structure, and purposes, including through governing documents, and funding.[1]

SIA objects that Topic 6 is irrelevant and falls outside Phase I. The parties met and conferred. SIA proposed limiting testimony to exclude SkyWest's role in shaping SIA's

---

[1] Exhibit A (30(b)(6) Notice).

functions and purposes through funding and legal input regarding SIA's Bylaws.[2] However, this information is crucial to the classification issue.

While SIA's Bylaws purportedly establish and define the union's functions, structure, and purposes, SkyWest admits it has helped revise that document. Therefore, to fully understand SIA's functions and purposes, the Secretary must examine SkyWest's role in shaping the functions and purposes through Bylaw revisions.

The Secretary must also understand the role SkyWest plays when SIA carries out its functions. On paper, SIA is responsible for representing its members before SkyWest on issues affecting the terms and conditions of employment. This may place SIA and SkyWest in an adversarial position, and SIA's total financial dependence on SkyWest may shape how SIA performs its functions. The Secretary must explore the funding mechanism to fully understand the nature of SIA's functions and purposes.

Lastly, SIA's position that it is a national would substantially reduce democratic oversight by its members. The Secretary must understand the consequences of SkyWest's influence because Title IV protects members' rights to democratically control their unions. *Local 3489 v. Usery*, 429 U.S. 305, 311–12 (1977).

Topic 6 is relevant to Phase I. The Secretary moves to compel SIA to produce a witness to testify on Topic 6 in its entirety.

---

[2] Exhibit B (SIA's Objection).

Dated this 4th day of September, 2026.

MELISSA HOLYOAK
United States Attorney

*/s/ Hannah L. Andrews*
HANNAH L. ANDREWS
ANNE E. RICE
Assistant United States Attorneys

**MEET AND CONFER CERTIFICATION**

Pursuant to DUCivR 37-1(b)(2)(A), I, Hannah L. Andrews, certify that the parties met and conferred on August 13, 2026, at 2 p.m. MST via virtual meeting and made reasonable efforts to reach an agreement on the disputed matters. Those in attendance included Anne Rice, Hannah Andrews, Kevin Koll, Tracy Wolfe, Eleanore Simms, Eric Johnson, Gregg Formella, and Christina Jepson.

*/s/ Hannah L. Andrews*
HANNAH L. ANDREWS
Assistant United States Attorney