Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Sarah Jenkins Dewey, USB #15640
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
SDewey@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (*pro hac vice*)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for SkyWest InFlight Association*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **OBJECTIONS TO THE SECRETARY OF LABOR'S NOTICE OF DEPOSITION TO SKYWEST INFLIGHT ASSOCIATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**<br><br>Consol. Case No. 2:24-cv-492-DBB-DBP<br><br>Judge: Hon. David Barlow<br><br>Magistrate Judge: Hon. Dustin B. Pead |

| | |
|---|---|
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

Defendant and Counterclaimant SkyWest InFlight Association ("SIA") objects to the Secretary of Labor's Notice of Deposition to SkyWest InFlight Association Under Federal Rule of Civil Procedure 30(b)(6) ("Notice"), including the definitions, instructions, and topics as set forth therein. SIA will meet and confer in good faith to reasonably narrow and clarify the topics consistent with the Federal Rules of Civil Procedure, DUCivR 30-2, the Court's order bifurcating this action, and the present limitation of discovery to the threshold issue of whether SIA is appropriately classified as a local or national labor organization under the Labor-Management Relations and Disclosure Act.[1]

## GENERAL OBJECTIONS

1. SIA objects to the Notice as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information "including but not limited to" any topic or similarly expansive categories without appropriate limitations. SIA further

[1] This Notice was served on July 2, 2026, and the parties agreed to extend the response date to the date indicated below.

objects to topics that are duplicative, cumulative, or that demand an unbounded narrative of all knowledge possessed by SIA.

2. SIA objects to the Notice to the extent it purports to require testimony concerning information that is not known or reasonably available to the organization after a reasonable inquiry, or that would require speculation, legal analysis or conclusions, abstract statutory interpretation, or expert opinions.

3. SIA objects to the Notice to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, common interest doctrine, trial-preparation protections for consulting experts, or any other applicable privilege or protection, including but not limited to privacy, confidentiality, trade-secret, and proprietary business information. The fact that SIA does not specifically object to an individual topic on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or protection. Moreover, even if SIA inadvertently provides information protected from disclosure by the foregoing privileges or protections, SIA does not waive its rights to subsequently assert those privileges and/or objections to disclosure.

4. SIA objects to the temporal scope as overbroad to the extent most topics contain no time limitation, and the Notice apparently demands information beyond a reasonable and relevant period tied to the allegations and operative pleadings. Without waiving objections, SIA will confer regarding a reasonable time frame as necessary.

5. SIA objects to the Notice to the extent it seeks materials obtainable from more convenient, less burdensome, or less expensive sources; seeks information already within the

Secretary's possession, custody, or control; or seeks information already provided to the Secretary by SIA. SIA does not object solely because information is available from another source or is already within the Secretary's possession.

6. SIA objects to topics that are not relevant to any party's claim or defense and not proportional to the needs of the current phase of the litigation as agreed upon by the parties.

7. SIA has not completed its investigation or discovery in this matter. Accordingly, its responses to the topics are limited by the information which it has thus far acquired. SIA reserves the right to use at trial and other proceedings any documents or information which it locates or discovers after the date of the responses and deposition. SIA also reserves the right to supplement its responses.

8. SIA objects to any implication that its designee(s) must memorize or testify as to exhaustive organizational histories, every communication, etc. not reasonably identified by topic with reasonable particularity. SIA will prepare its designee(s) on topics reasonably described with particularity, after reasonable inquiry.

9. SIA objects to topics calling for legal analysis or conclusions, abstract statutory interpretation, contract interpretation outside of SIA's actual practices, or the characterization of rights or obligations. Testimony otherwise properly requested will be limited to factual matters known or reasonably available to the organization.

10. SIA objects to the Notice's definition of the term "functions" as vague, ambiguous, and overbroad, and to the extent that term purports to include all functions SIA does or has done regardless of relevance to any claims or defenses in this phase or any other appropriate limitation. SIA further objects to this definition in that it lists a number of broad functions without limitation

or specificity about what information the Secretary seeks about such functions. SIA will prepare its designee(s) to testify concerning the functions and activities it actually performs, including their nature and extent, within the relevant scope. The phrase "any other functions SIA performs" cannot expand a topic beyond matters described with reasonable particularity.

11. SIA objects to the definition of "governing documents" as overbroad, unduly burdensome, and not relevant or proportional in that this term purports to cover "any version" of SIA's Bylaws, Constitution and Bylaws, or other documents that set forth SIA's practices and rules" without appropriate limitation to the claims and defenses in this case. SIA further objects to this definition on the grounds that "any . . . documents that set forth SIA's practices and rules" is overbroad, unduly burdensome, and not relevant or proportional in that this would capture not only official SIA documents but would also include unofficial documents or other documents that refer, describe, or excerpt such official SIA documents.

12. SIA objects to the Notice's definition of "SIA" to the extent it treats all personal knowledge of every current or former officer, director, member, attorney, investigator, representative, or other person who ever acted on SIA's behalf as organizational knowledge, or seeks knowledge protected by the attorney-client privilege.

13. SIA objected to the Notice's definition of "funding" as overly broad and not proportional to the needs of this case because it extends to every item, service, resource, IT arrangement, and election material or service regardless of materiality.

14. SIA objects to any topic to the extent it seeks details concerning a specific member, grievance, adverse employment action, or disciplinary matter that is not at issue in the current phase of litigation.

15. SIA objects to the Notice's assertion that SIA is "required" to identify each designee and position at least ten business days before the deposition. SIA will identify its designee(s) a reasonable time before the deposition after it objections regarding the examination topics have been resolved.

16. SIA reserves all rights to supplement, amend, or clarify these objections; to interpose question-by-question objections at deposition; and to move for protective relief as appropriate.

17. These objections do not waive any applicable objection as to the competency, relevance, materiality, admissibility, privilege or other protection. of any of the questions or responses, or the subject matter thereof, in any proceeding, including any deposition or the trial of this action.

18. Subject to and without waiving the foregoing general objections, SIA asserts the following specific objections to the noticed topics. Where feasible, narrowing proposals are included to facilitate the meet-and-confer requirements.

## SPECIFIC OBJECTIONS

**Topic 1.** The circumstances and history of SIA's founding.

**Objection:** SIA objects that this topic is not relevant. The only issue during this phase of discovery is whether SIA is appropriately classified as a local or national labor organization under the LMRDA. The circumstances and history of SIA's founding are not relevant to this issue. For example, this topic is not relevant to the plain meaning of the terms "local" and "national" as used

in the LMRDA, nor is this relevant to SIA's functions, purposes, and structure.[2] SIA further objects that this topic is not proportional and, to the extent it would seek an unbounded narrative of every event connected with SIA's formation or organization history, would impose an undue burden, including as to historical facts that have no relevance to phase one. Moreover, the lack of a time limitation is overly broad and not proportional to the needs of the case. SIA further objects that this topic is vague and ambiguous and calls for an impermissible narrative, for example, in that it lacks appropriate limitations connecting the topic to any relevant issues in the case. As a practical matter, SIA notes that it was formed more than 30 years ago, and SIA accordingly has limited information about this topic.

Subject to the foregoing objections, SIA will produce a designee to testify concerning the approximate date and circumstances of SIA's formation, SIA's original stated purposes, its initial governance structure, its initial relationship with SkyWest, based on information readily available after inquiry. SIA does not concede that any single historical cirdumstance, function, structural future, or characterization is dispositive or relevant to SIA's classification, or that the Secretary's descriptions of SIA's activities are accurate.

**Topic 2.** SIA's functions, purposes, and structure.

**Objection:** SIA objects that this topic is overbroad, unduly burdensome, and not proportional in that it contains no limitation on time. SIA further objects that this topic is vague and ambiguous and calls for an impermissible narrative, for example, in that it does not contain

---

[2] For the avoidance of doubt, nothing in these objections should be construed as an agreement or concession from SIA that its status as a local or national labor organization under the LMRDA should properly be determined based on its structure, functions or purposes, etc. SIA reserves all rights and arguments.

any limitations, specificity, or guidance on what aspects of SIA's functions, purposes, and structure the Secretary seeks to inquire about. SIA further objects that this topic is cumulative and duplicative of discovery already served by the Secretary and responded to by SIA (e.g., Interrogatory No. 6 from the Secretary to SIA, inquiring about SIA's structure).

Subject to the foregoing objections, SIA will produce a designee to provide a reasonable overview of SIA's functions, purposes, and structure during the relevant period.

**Topic 3.** The reasons why SIA contends it is a national labor organization under the LMRDA.

**Objection:** SIA objects to the extent this topic seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, counsel's mental impressions or litigation strategy, abstract legal opinions, or any other applicable privilege or protection. SIA further objects that this topic effectively calls for legal or expert analysis or opinion and responding on this subject would be unduly burdensome and effectively require attorney and/or expert testimony. SIA further objects that this topic is cumulative and duplicative of discovery already served by the Secretary and responded to by SIA (*e.g.,* Interrogatory Nos. 2–4 from the Secretary to SIA, seeking, *inter alia*, "all facts, information, and evidence on which Defendant relies in support of its denial of the allegation sin the Complaints, including Defendant's claim that it is a national labor organization").

Subject to the foregoing objections, SIA will produce a designee to provide testimony only about the facts and evidence supporting SIA's contention that it is a national labor organization under the LMRDA.

**Topic 4.** How SIA's compliance with LMRDA provisions applicable to local labor organizations interferes with SIA's obligations under the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

**Objection:** SIA objects to the extent this topic seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. SIA further objects that this topic effectively calls for legal or expert analysis or opinion and responding on this subject would be unduly burdensome and effectively require attorney and/or expert testimony. SIA further objects that this topic is cumulative and duplicative of discovery already served by the Secretary and responded to by SIA (*e.g.,* Interrogatory Nos. 2–3 from the Secretary to SIA, asking SIA to explain SIA's position that local status under the LMRDA supersedes, impairs, or otherwise affects provisions of the Railway Labor Act an to "[i]nclude all facts, information, and evidence that support [SIA]'s explanation").

Subject to the foregoing objections, SIA will produce a designee prepared to testify concerning the RLA representational functions SIA performs, the specific local-status requirements SIA contends would affect those functions, the manner and practical consequences of the asserted interference, and nonprivileged organizational facts or examples supporting the contention. SIA will make any expert disclosures in accordance with the applicable scheduling order and the Federal Rules of Civil Procedure.

**Topic 5.** SIA's efforts to comply with the LMRDA since its founding, including its compliance with Title II (29 U.S.C. §§ 431-441) [footnote omitted] and Title IV (29 U.S.C. §§ 481-482).[footnote omitted]

**Objection:** SIA objects that this topic is not relevant. The only issue during this phase of discovery is whether SIA is appropriately classified as a local or national labor organization under the LMRDA. This topic is not relevant to that issue. SIA further objects that this topic is overbroad, unduly burdensome, and not proportional, including that the period identified extends back to SIA's founding over 30 years ago to the present, and combines potentially classification-relevant practices with phase two issues. SIA further objects to the extent this topic seeks information protected from disclosure by the attorney client privilege, work product doctrine, or any other applicable privilege or protection.

Based on the foregoing objections, SIA will not produce a designee to testify concerning: (a) the history of DOL's failure or refusal to reach out to SIA until late 2023; (b) the types and contents of LMRDA reports or organizational filings SIA submitted during the relevant period; and (c) SIA's officer-election system and practices during the relevant period to the extent those matters are asserted to bear on classification.

**Topic 6.** SIA's relationship with SkyWest, including any role or input SkyWest has regarding SIA's functions, purposes, structure, governing documents, and funding.

**Objection:** SIA objects that the term "relationship" is vague and ambiguous, potentially encompassing virtually every interaction between SIA and SkyWest, contains no time limitations, and could reach member-specific privileged matters including ones unrelated to classification. *Boilermakers*, to the extent it applies in the RLA context, examines the organization's functions and structure. It does not examine the identity of anyone having input into those matters or the other matters listed in this topic. *See Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*, 736 F.2d 618, 622–23 (10th Cir. 1984); *see*

*also* 29 C.F.R. § 452.11 (identifying "functions and purposes" as relevant factors). Nor is SIA's funding relevant. *See Boilermakers*, 736 F.2d at 622–23 (identifying collecting dues from members and paying a per capita tax as typical local functions but not otherwise examining organization's funding). SIA further objects that this topic is vague and ambiguous, not proportional, and calls for an impermissible narrative in that it lacks appropriate limitations connecting the topic to relevant issues in this phase of discovery.

Subject to the foregoing objections, SIA will produce a designee to testify concerning the foregoing defined aspects of SIA's relationship with SkyWest in terms of SkyWest's role in SIA's performance of its functions, such as negotiations.

**Topic 7.** The rules, procedures, and requirements associated with electing SIA's officers, including rules, procedures, and requirements regarding:

a. Who is eligible to run for office.

b. Who is eligible to nominate candidates.

c. Who is eligible to vote for candidates.

d. Terms of office and election schedules.

**Objection:** SIA objects that this topic to the extent it goes to the merits of alleged election violations, candidate-specific issues, or member misconduct in a particular election, which are reserved for phase two. SIA also objects in that the only issue during this phase of discovery is whether SIA is appropriately classified as a local or national labor organization under the LMRDA. SIA further objects that this topic is irrelevant, overbroad, unduly burdensome, and not proportional in that it lacks any limitation on time.

Subject to the foregoing objections, SIA will produce a designee to provide a reasonable overview of SIA's election processes.

**Topic 8.** SIA's Bylaws, Revised December 12, 2023.

**Objection:** SIA objects that this topic is overbroad, unduly burdensome, vague, ambiguous, not proportional, and calls for an impermissible narrative in that it does not contain any limitations, specificity, or guidance on what aspects of SIA's Bylaws, Revised December 12, 2023, the Secretary seeks to inquire about. SIA further objects to the extent this topic seeks information protected from disclosure by the attorney client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing objections, SIA will produce a designee to testify concerning SIA's Bylaws, Revised December 12, 2023.

**Topic 9.** SIA's Bylaws, Revised August 12, 2024.

**Objection:** SIA objects that this topic is overbroad, unduly burdensome, vague, ambiguous, not proportional, and calls for an impermissible narrative in that it does not contain any limitations, specificity, or guidance on what aspects of SIA's Bylaws, Revised August 12, 2024, the Secretary seeks to inquire about. SIA further objects to the extent this topic seeks information protected from disclosure by the attorney client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to the foregoing objections, SIA will produce a designee to testify concerning SIA's Bylaws, Revised August 12, 2024.

**Topic 10.** The purpose, operation, and reasons for adopting the following provisions of SIA's governing documents:

a. Sections 7, 11, and 14 of SIA's Bylaws, Revised January 21, 2022 (SIA000004, 6-7, 9).

b. Section 7 of SIA's Bylaws, Revised March 15, 2022 (SIA000019).

c. Sections 8, 10 and 11 of SIA's Bylaws, Revised May 20, 2022 (SIA000058-61).

d. Section 10 of SIA's Bylaws, Revised January 11, 2023 (SIA000245-246).

**Objection:** SIA objects to the extent this topic is not relevant, overly broad, unduly burdensome, and not proportional. The only issue during this phase of discovery is whether SIA is appropriately classified as a local or national labor organization under the LMRDA. The purpose and reasons for adopting specific provisions of SIA's governing documents is not relevant. *Cf. Boilermakers*, 736 F.2d at 623 (finding that analysis "must focus on NTD's"—that is, *the labor organization's*—"functions and structure"); 29 C.F.R. § 452.11 (stating that the "characterization of a particular organizational unit as a 'local,' 'intermediate,' etc., is determined by its [i.e., *the labor organization's*] functions and purposes," not the functions and purposes of specific provisions in any governing documents). SIA further objects to the extent this topic seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to the foregoing objections, SIA will produce a designee to provide a reasonable overview of the Sections identified above.

**<u>Meet-and-Confer</u>**

Under DICivR 37-1, SIA requests to meet and confer with the Secretary and DOL concerning these objections and proposed constructions and limitations. SIA proposes the parties

address, in particular, the relevant period, the scope of the present phase limited to SIA's classification, the disputed definitions, and the scope of the noticed topics. SIA will make itself available subject to any scheduling limitations and with reasonable advance notice.

DATED July 21, 2026.

/s/ Sarah Jenkins Dewey
Erik A. Christiansen
Christina M. Jepson
Sarah Jenkins Dewey
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for SkyWest InFlight Association*

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2026, I caused a true and correct copy of the foregoing Objections to the Secretary of Labor's Notice of Deposition to SkyWest InFlight Association Under Federal Rule of Civil Procedure 30(b)(6) to be served via email as follows:

MELISSA HOLYOAK
ANNE E. RICE
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
anne.rice@usdoj.gov
*Attorneys for Plaintiff*

/s/ Sarah Jenkins Dewey