Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Leah Trahan, USB #19880
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
LTrahan@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (*pro hac vice*)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for SkyWest InFlight Association*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **SIA'S OPPOSITION TO ACTING SECRETARY OF LABOR KEITH E. SONDERLING'S SHORT-FORM DISCOVERY MOTION (ECF NO. 91)**<br><br>Consol. Case No. 2:24-cv-492-DBB-DBP<br><br>Judge: Hon. David Barlow<br><br>Magistrate Judge: Hon. Dustin B. Pead |

| | |
|---|---|
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

The Court should deny the Secretary's Motion because Topic 6—which asks about "SIA's relationship with SkyWest"—seeks information beyond what is relevant during Phase 1.

Phase 1 is limited to whether SIA is a national or local labor organization under the LMRDA. SIA does not necessarily agree this question turns on SIA's structure, functions, and purposes under *Donovan v. Nat'l Transient Div.* ("*Boilermakers*"), 736 F.2d 618, 619 (10th Cir. 1984) and 29 U.S.C. § 452.11, given the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). Even under *Boilermakers*' test, however, the information sought is irrelevant.

*Boilermakers* directs that the "focus" of this inquiry "should be on the relationship *between the organization and its members*." *Boilermakers*, 736 F.2d at 623 (emphasis added). The Tenth Circuit stated that the court "must focus on" the organization's "functions and structure" and set out examples of features and functions typical of national and local labor organizations. *Id.* at 622–23. The court surveyed the organization's relevant functions and found that it performed functions typically associated with locals. *Id.* The court did not examine who was involved in developing the organization's functions or governing documents, nor did it examine the relationship with the

employer beyond noting, e.g., the negotiating of agreements and handling of grievances. *Id.* SIA agreed to provide testimony about its relationship with SkyWest limited to the performance of SIA's functions and purposes (e.g., how grievances are handled, how negotiations are conducted). Nothing more is relevant.

Nor is SkyWest's involvement in SIA's "funding" relevant. *Boilermakers* noted local labor organizations generally collect dues and pay a "per capita" tax and thus found the organization in question's collection of dues and payment of that tax supported local status. *Id.* at 622–23. SIA has explained it neither collects dues nor pays a per-capita tax. Nothing beyond this is relevant.

Tellingly, the Secretary's response to an interrogatory asking about the factors relevant to classification as a local or national does not highlight the organization's relationship with the employer as a relevant consideration. Resp. to Interrog. 2. Indeed, the relationship between SIA and SkyWest is governed by the Railway Labor Act, not the LMRDA. *See Talley v. Feldman*, 941 F. Supp. 501, 507 (E.D. Pa. 1996); 45 U.S.C. § 152, Fourth. Ultimately, the Secretary has not explained why the information he seeks about SIA's relationship with SkyWest is relevant or necessary in Phase 1, making only vague assertions about needing to "fully understand" SIA's functions. But *Boilermakers* does not require a "full[] understanding" of an organization's functions, it merely asks what those functions are. *See Boilermakers*, 736 F.2d at 622–23.

Finally, the Secretary's "democratic oversight" argument is misplaced. Congress set election standards it deemed appropriate for national and local labor organizations in the LMRDA. If SIA is a national (which, SIA maintains, it is), it is entitled to follow the standards applicable to nationals. *Usery* does not say otherwise. *See Loc. 3489 v. Usery*, 429 U.S. 305, 311–12 (1977).

//

DATED September 14, 2026.

/s/*Leah Trahan*
Erik A. Christiansen
Christina M. Jepson
Leah Trahan
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for SkyWest InFlight Association*

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, I caused a true and correct copy of the foregoing SIA's Opposition to Acting Secretary of Labor Keith E. Sonderling's Short-Form Discovery Motion (ECF No. 91) to be filed using the Court's CM/ECF system, which provided service on all attorneys of record appearing thereon.

/s/*Leah Trahan*