MELISSA HOLYOAK, United States Attorney (9832)
ANNE E. RICE, Assistant United States Attorney (7971)
HANNAH L. ANDREWS, Assistant United States Attorney (18157)
KEVIN J. KOLL, Special Assistant United States Attorney (IL #6317579)
TRACY E. WOLF, Special Assistant United States Attorney (DC #1645012)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
anne.rice@usdoj.gov
hannah.andrews@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary of Labor, U.S. Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **ANSWER TO COUNTERCLAIM (ECF 86)**<br><br>Case No. 2:24-cv-00492-DBB-DBP<br><br>(Consolidated with later-filed cases 2:24-cv-956 and 2:25-cv-700)<br><br>Judge David B. Barlow<br>Magistrate Judge Dustin B. Pead |
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>KEITH E. SONDERLING, Acting Secretary of Labor, U.S. Department of Labor, and UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

## FIRST DEFENSE

Counterclaim Defendant Keith E. Sonderling, in his official capacity as Acting Secretary of Labor, and Counterclaim Defendant United States Department of Labor (DOL) hereby admit, deny, or otherwise aver as follows:

1. Paragraph 1 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that (a) SkyWest InFlight Association (SIA) is a labor organization under the Labor-Management Reporting and Disclosure Act (LMRDA); (b) SIA is based in Utah; and (c) SIA represents approximately 4,800 flight attendants employed by SkyWest Airlines (SkyWest) around the country and is covered by the Railway Labor Act. The Secretary and DOL deny the remaining allegations, including that SIA is a "national" labor organization under the LMRDA.

2. The Secretary and DOL admit that Keith E. Sonderling is the Acting Secretary of the United States Department of Labor and that the DOL is headquartered in Washington, D.C.

3. The Secretary and DOL admit that the United States Department of Labor is a federal executive branch agency headquartered in Washington, D.C.

4. Paragraph 4 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, but deny that this Court has jurisdiction pursuant to 28 U.S.C. § 1361, because SIA has not requested mandamus relief.

5. Admit.

6. The Secretary and DOL admit SIA represents and is comprised of all SkyWest Flight Attendants currently on the seniority list who have successfully completed their FAA-

required operating experience. The Secretary and DOL lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 6.

7. The Secretary and DOL admit the Secretary informed SIA that it was a labor organization under the LMRDA in December 2023. The Secretary and DOL lack sufficient information to admit or deny the remaining allegations in Paragraph 7.

8. The Secretary and DOL admit SIA and SkyWest are parties to a collective bargaining agreement. The Secretary and DOL are without sufficient information to admit or deny the remaining allegations in Paragraph 8.

9. Admit that upon a review of SIA's functions, purposes, and structure, the Secretary determined SIA was a local labor organization for purposes of the LMRDA. Deny the remaining allegations.

10. Paragraph 10 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

11. Deny.

12. Paragraph 12 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that a labor organization's self-categorization is one factor, but not a decisive factor, to consider when determining whether a labor organization is a local or a national and that the Secretary considered SIA's self-categorization as one factor in concluding that SIA is a local labor organization. The Secretary and DOL deny the remaining allegations.

13. The Secretary and DOL admit that the Secretary relied on the Secretary's July 12, 2024 final determination that SIA was a local labor organization because there were no new

material facts relevant to SIA's classification. The Secretary and DOL deny the remaining allegations.

14. Paragraph 14 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

15. Admit that Congress enacted the Railway Labor Act (RLA) in 1926, *see* 45 U.S.C. § 151 *et seq.*, that Congress amended the RLA in 1936, *see* 45 U.S.C. § 181 *et seq.*, and that Congress enacted the LMRDA in 1959, *see* 29 U.S.C. § 401 *et seq.* The remaining allegations in Paragraph 15 consist of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL deny the allegations.

16. Paragraph 16 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and lists its "purposes" in 45 U.S.C. § 151a.

17. Paragraph 17 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and is codified at 45 U.S.C. § 151 *et seq*.

18. Paragraph 18 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL respond that the RLA speaks for itself and is codified at 45 U.S.C. § 151 *et seq*.

19. Admit that SIA has represented SkyWest flight attendants for over 30 years. Deny the remaining allegations.

20. Admit that SIA is comprised of approximately 4,800 flight attendants across multiple cities, states, and Canada and Mexico. To the extent Paragraph 20 contains legal

conclusions regarding the scope of a craft or class under the RLA, no response is required. The Secretary and DOL deny the remaining allegations.

21. Admit that the quoted section in paragraph 21 is from 29 U.S.C. § 523. Deny the remaining allegations.

22. Admit that SIA carries out functions typical of local labor organizations. Deny the remaining allegations.

23. Deny.

24. Deny.

25. The Secretary and DOL are without knowledge or information necessary to admit or deny.

26. Admit that the Secretary classified SIA as a local labor organization following an investigation and applying the purposes and functions test showing that it is the labor organization closest to its members. Deny the remaining allegations.

27. The Secretary and DOL are without knowledge or information necessary to admit or deny.

28. Deny.

29. Admit that one claim in *Acosta v. APFA*, Civil Action No. 4:16-cv-1057-A (N.D. Tex. 2016), arose under 29 U.S.C. § 401(a). Deny the remaining allegations.

30. Deny.

31. Deny.

32. The Secretary and DOL incorporate their answers to all other allegations in the counterclaims.

33. Admit.

34. Paragraph 34 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the allegations.

35. Paragraph 35 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that for the purposes of Title IV of the LMRDA, whether a labor organization is a national or local determines the frequency and method of electing officers. The Secretary and DOL deny the remaining allegations.

36. The Secretary and DOL admit that the Secretary determined SIA is a local labor organization, and that SIA disagrees. The Secretary and DOL deny the remaining allegations.

37. The Secretary and DOL admit Paragraph 37 describes the relief SIA seeks through its counterclaims. The Secretary and DOL deny the remaining allegations.

38. The Secretary and DOL admit that whether SIA is a local or national may be relevant to the on-going legal relationship between the Secretary and SIA. The Secretary and DOL deny the remaining allegations.

39. The Secretary and DOL admit that whether SIA is a local or national is relevant to SIA's elections under the LMRDA. The Secretary and DOL deny the remaining allegations.

40. The Secretary and DOL lack sufficient information to admit or deny the allegations in Paragraph 40.

41. The Secretary and DOL admit Paragraph 41 describes the relief SIA seeks through its counterclaims. Deny SIA is entitled to the relief it seeks.

42. The Secretary and DOL incorporate their answers to all other allegations in the counterclaims.

43. Paragraph 43 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit SIA quoted an excerpt of 5 U.S.C. § 706(2)(A), (C). Deny that the Administrative Procedure Act (APA) applies.

44. Paragraph 44 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit SIA quoted an excerpt of 5 U.S.C. § 706(2)(A). Deny that the Administrative Procedure Act (APA) applies.

45. Paragraph 45 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit that for the purposes of Title IV of the LMRDA, whether a labor organization is a national or local determines the frequency and method of electing officers.

46. Paragraph 46 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the allegations.

47. Paragraph 47 consists of legal conclusions which require no response. To the extent a response is required, the Secretary and DOL admit the quoted language is in 29 C.F.R. § 452.11.

48. Deny.

49. Deny.

50. Deny.

51. Admit.

52. The Secretary and DOL admit that Title IV of the LMRDA requires local labor organizations to conduct officer elections not less often than once every three years by secret ballot among members in good standing; and that national labor organizations must conduct

officer elections not less often than once every five years either by secret ballot among the members in good standing or at a convention of delegates chosen by secret ballot. *See* 29 U.S.C. § 481(a), (b). The Secretary and DOL deny the remaining allegations.

53. The Secretary and DOL are without knowledge or information necessary to admit or deny.

54. The Secretary and DOL admit Paragraph 54 describes the relief SIA seeks through its counterclaims. The Secretary and DOL deny that SIA is entitled to the relief it seeks.

## SECOND DEFENSE

The counterclaims fail to state a claim on which relief can be granted.

## THIRD DEFENSE

SIA is not entitled to attorney's fees or costs.

## FOURTH DEFENSE

To the extent the counterclaim includes a challenge to an agency policy or practice, SIA has failed to exhaust administrative remedies.

## FIFTH DEFENSE

The Declaratory Judgment Act does not create an independent cause of action.

## SIXTH DEFENSE

The LMRDA vests the Secretary of Labor, not the U.S. Department of Labor, with enforcement authority. 29 U.S.C. § 482(b).

## GENERAL DENIAL

The Secretary and DOL deny each and every allegation in the Counterclaim except as expressly and specifically admitted.

## PRAYER FOR RELIEF

The Secretary and DOL request that the counterclaims be dismissed with costs and that the court award such further relief as may be appropriate.

Dated this 22nd day of September, 2026.

MELISSA HOLYOAK
United States Attorney

*/s/ Anne E. Rice*
ANNE E. RICE
Assistant United States Attorney

OF COUNSEL:

JONATHAN BERRY, Solicitor of Labor
BEVERLY DANKOWITZ, Associate Solicitor
ELEANORE I. SIMMS, Counsel for Labor-Management Policy
CHRISTA HENDERSON, Counsel for Labor-Management Enforcement