THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KEITH E. SONDERLING, Acting Secretary, United States Department of Labor and UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff and Counterclaim Defendants,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant and Counterclaim Plaintiff | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00492-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Keith Sonderling as Acting Secretary of Labor, and the Department of Labor, move to compel Defendant SkyWest InFlight Association (SIA) to produce a 30(b)(6) witness to testify about deposition Topic 6.[1] This Topic focuses on SIA's relationship with SkyWest. The court will grant the motion.

BACKGROUND

Plaintiff seeks a declaration in this case that the elections held by Defendant SkyWest Inflight Association (SIA), a labor organization, are void. Because they are void, Plaintiff requests that SIA conduct new elections under Plaintiff's supervision. The election procedures, including the method and frequency, depend on whether a labor organization is characterized as local or national.

[1] Short Form Discovery Motion to Compel, ECF No. 91. This matter is referred to the undersigned from Judge David Barlow under 28 U.S.C. § 636(b)(1)(A) for disposition of non-dispositive matters. ECF No. 22.

To address the central issue of whether SIA is a local or national labor organization, the court entered a stipulated scheduling order dividing the discovery in this case into two phases.[2] Phase I focuses on whether Defendant is a national or local labor organization. While Phase II, focuses on the "remaining issues raised by the complaint, answer, and counterclaims."[3] The parties further described Phase I in the scheduling order as follows:

> Phase I of the case will focus on the issue of whether SIA is a national or local labor organization. The DOL asserts in its Amended Complaint that SIA is a local labor organization and that because it is a local labor organization, SIA must hold elections at least every three years and those elections must be by secret ballot of its direct membership. SIA has asserted as an affirmative defense that it is a national labor organization and that it has held elections accordingly. SIA has also brought a counterclaim asking for a declaratory judgment on whether it is a national or local labor organization.
>
> Phase I discovery will be accelerated on this isolated issue of whether SIA is properly characterized as a national or local labor organization and would culminate in dispositive briefing, as outlined in subsections 4 and 5, Fact Discovery—Phase I.[4]

According to Plaintiff, whether a labor organization is local or national depends on its "functions and structure".[5] SIA, however, does not "necessarily agree" that whether it is a national or local organization depends on its structure, functions and purposes.[6] Given this divergence, the parties disagree about whether Plaintiff's intended deposition topic is relevant to Phase I discovery.

---

[2] Scheduling Order, ECF no. 42.

[3] *Id.* at 3.

[4] *Id.* at 3-4.

[5] *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*, 736 F.2d 618, 623 (10th Cir. 1984) ("congressional intent indicates that the focus should be on the relationship between the organization and its members. Accordingly, we agree with the Secretary that we must focus on NTD's functions and structure in order to determine whether it is a local or a national labor organization.").

[6] SIA's Opposition at 2, ECF No. 97.

DISCUSSION

Plaintiff moves to compel Defendant to provide a 30(b)(6) witness to testify about deposition Topic 6. Deposition Topic 6 seeks information regarding: "SIA's relationship with SkyWest, including any role or input SkyWest has regarding SIA's functions, purposes, structure, governing documents, and funding."[7] Plaintiff notes that SIA's Bylaws purportedly establish and define the union's functions, structure, and purposes. And SkyWest admitted to helping revise this document. Plaintiff claims therefore that this deposition topic is necessary to understand SkyWest's role in shaping SIA's functions and purposes. Plaintiff continues, asserting that at certain times, such as in labor negotiations, SIA and SkyWest would be in an adversarial position. Further, SIA's assertions that it is national labor organization, would reduce democratic oversight by its members. Thus, Plaintiff must better understand SkyWest's influence over the democratic control of SIA. All these factors, according to Plaintiff, make Topic 6 relevant to Phase I discovery.

In opposition, SIA first cites to the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, where the Supreme Court overruled *Chevron* deference.[8] Under *Loper*, courts are to exercise independent judgment in considering whether an agency has acted within its statutory authority, and they may not simply defer to an agency interpretation of the law because a statute is ambiguous. While helpful, the court finds *Loper* does not undermine the Tenth Circuit's test for determining whether a labor organization is local or national as set forth in *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers* (*Boilermakers*).[9]

---

[7] Secretary of Labor's Notice of Deposition, Ex. A p. 5, ECF No. 91-1.

[8] 603 U.S. 369, 412–13, 144 S. Ct. 2244, 2273, 219 L. Ed. 2d 832 (2024).

[9] 736 F.2d 618.

In *Boilermakers*, the Tenth Circuit considered whether a labor organization was local or national. Because the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531, (LMRDA), did not define local or national, the court construed those terms based on their ordinary meaning.[10] The court rejected focusing exclusively on the geographical location of an organizations members to determine whether a labor organization was local or national. Instead, the court focused on the "relationship between the organization and its members" which includes the "functions and structure" of an organization.[11] The court agrees that this test is the one that helps determine whether SIA is local or national.

Turning to the *Boilermakers'* test, SIA argues that even in applying this test, the information sought by Plaintiff is still irrelevant. In support, SIA points to the reasoning set forth in *Boilermakers* where the "court surveyed the organization's relevant functions and found that it performed functions typically associated with locals."[12] And the court did not examine who helped develop the organization's functions or its governing documents. In essence, *Boilermakers* does not require a full understanding of an organization's functions, rather it simply asks what those functions are.

The court does not agree with SIA's narrow reading of *Boilermakers* as it relates to Phase I discovery. SIA agreed that Phase I discovery focuses on whether it is a national or local labor organization. The scope of discovery at this stage is broadly construed,[13] and under the *Boilermaker* test, a court is to look at the relationship between the organization and its members,

---

[10] *Boilermakers*, 736 F.2d at 622.

[11] *Id.* at 623..

[12] SIA's Opposition at 2.

[13] *See, e.g., Zamora v. Quezada*,, No. 2:22-CV-00616-DBB-DBP, 2025 WL 1170440, at *2 (D. Utah Apr. 22, 2025) (looking to the Federal Rules and determining that discovery may be "broadly construed at this stage of the proceedings").

and the functions and structure of an organization. Topic 6 fits within that type of information. Further, any possible implications of the Railway Labor Act in this case do not change the discoverability of the information sought by Plaintiff at this time. The court therefore will grant Plaintiff's Motion.

ORDER

Plaintiff's Short Form Discovery Motion to Compel a Rule 30(b)(6) witness to testify about Topic 6 is GRANTED.

IT IS SO ORDERED.

DATED this 19 October 2026.

Dustin B. Pead
United States Magistrate Judge