Erik A. Christiansen, USB #7372
Christina M. Jepson, USB #7301
Leah E. Trahan, USB #19880
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
EChristiansen@parsonsbehle.com
CJepson@parsonsbehle.com
LTrahan@parsonsbehle.com
ecf@parsonsbehle.com

Gregg M. Formella (*pro hac vice*)
**GREGG M. FORMELLA JD**
300 State St.
P.O. Box 92141
Southlake, TX 76092
gregg.formella@gmail.com

*Attorneys for SkyWest InFlight Association*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KEITH E. SONDERLING, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST INFLIGHT ASSOCIATION,<br><br>Defendant. | **SIA'S MOTION FOR CLARIFICATION OF THE MAGISTRATE JUDGE'S OCTOBER 19, 2026 MEMORANDUM DECISION AND ORDER (ECF NO. 99)**<br><br>Consol. Case No. 2:24-cv-492-DBB-DBP<br><br>Judge: Hon. David Barlow<br><br>Magistrate Judge: Hon. Dustin B. Pead |

| | |
|---|---|
| SKYWEST INFLIGHT ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>KEITH E. SONDERLING, Secretary of Labor, United States Department of Labor; UNITED STATES DEPARTMENT OF LABOR,<br><br>Counterclaim Defendants. | |

Defendant/Counterclaimant SkyWest InFlight Association ("SIA") respectfully moves the Court for clarification of the Court's October 19, 2026 Memorandum Decision and Order (ECF No. 99) (the "Order"). Specifically, SIA seeks clarification as to whether the Order was intended solely to resolve the discoverability of deposition Topic 6, without finally deciding the standards governing the ultimate issue of SIA's classification as a national or local labor organization or foreclosing the parties' arguments about the standards applicable to that issue during Phase I dispositive briefing.

## RELIEF SOUGHT AND GROUNDS THEREFOR

In granting Plaintiff/Counterclaim Defendant Keith E. Sonderling's (the "Secretary") motion to compel testimony on deposition Topic 6, the Order states that "the court finds *Loper* [*Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)] does not undermine the Tenth Circuit's test for determining whether a labor organization is local or national as set forth in *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*

(*Boilermakers*)." Order at 3. The Order further states that the *Boilermakers* "test is the one that helps determine whether SIA is a local or national." *Id.* at 4.

SIA respectfully requests that the Court exercise its inherent authority to clarify whether these statements were, or were not, intended to resolve the merits of the governing legal standard applicable to the ultimate issue of SIA's classification as a local or national labor organization. It is SIA's belief that the Order was not intended to decide this issue which was not briefed.

For clarity, SIA does not seek reconsideration of the Court's ruling compelling testimony on Topic 6. SIA will abide by that ruling and provide a witness to testify about Topic 6.

**STATEMENT OF RELEVANT FACTS**

1. The parties' stipulated scheduling order divides discovery into two phases, with Phase I focused on whether SIA is a national or local labor organization and culminating in dispositive briefing on that issue. *See Id.* at 2.

2. The Secretary moved to compel SIA to produce a Rule 30(b)(6) witness on Topic 6, concerning SIA's relationship with SkyWest. *Id.* at 3. In opposing the motion, SIA stated that:

> SIA does not necessarily agree this question [i.e., whether SIA is a national or local labor organization under the LMRDA] turns on SIA's structure, functions, and purposes under *Donovan v. Nat'l Transient Div.* ("*Boilermakers*"), 736 F.2d 618, 619 (10th Cir. 1984) and 29 U.S.C. § 452.11, given the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). Even under *Boilermakers*' test, however, the information sought is irrelevant.

SIA's Opposition to Acting Secretary of Labor Keith E. Sonderling's Short Form Discovery Motion, ECF No. 97 at 2 (the "Opposition").[1] Apart from this statement noting SIA did not

[1] The citation to 29 U.S.C. § 452.11 here was a typo and should have referred to 29 C.F.R. § 452.11.

concede *Boilermakers* and/or 29 C.F.R. § 452.11 control given *Loper*, the remainder of SIA's short-form opposition focused primarily on *Boilermakers* and did not otherwise mention or discuss *Loper*. *See id.* at 2–3.

3. On October 19, 2026, the Court granted the motion. In addressing relevance, the Order briefly discusses *Loper* and states "While helpful, the court finds *Loper* does not undermine the Tenth Circuit's test for determining whether a labor organization is local or national as set forth in *Donovan v. Nat'l Transient Div., Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers* (*Boilermakers*)." Order at 3. The Order further states that the *Boilermakers* test "is the one that helps determine whether SIA is local or national." *Id.* at 4.

4. The Order otherwise analyzed the dispute as one of discoverability, concluding that Topic 6 "fits within that type of information" relevant to Phase I and granting the Secretary's short-form discovery motion to compel SIA to produce a witness on that topic. *See id.* at 5.

## ARGUMENT

A court has inherent authority to construe and clarify its own order, though clarification is appropriate only where the order is "ambiguous or unclear." *See Kennecott Copper Corp. v. F. T. C.*, 542 F.2d 801, 803 (10th Cir. 1976) (citation omitted). A party therefore may not move for a "substantial modification" of a court's order through a motion to clarify. *See id.* Clarification resolves an ambiguity "to more clearly reflect [the court's] contemporaneous intent and ensure the court's purpose is fully implemented." *See Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (discussing clarification under Rule 60(a)). And because no final judgment has been entered, the Court has "discretionary authority to resolve any ambiguity in [its] order." *Overstreet v. SFTC, LLC,* No. 13-CV-0165 RB/LFG, 2013 WL 12415207, at *1 (D.N.M. Sept. 3, 2013). When a

question arises about the scope of a magistrate judge's non-dispositive discovery order, seeking clarification from the issuing judge is the more appropriate course.[2] *See Smith v. City & Cnty. of Denver, Colorado,* No. 24-CV-01636-SKC-CYC, 2025 WL 1088149, at *3 n.1 (D. Colo. Apr. 11, 2025).

Clarification is warranted here. The Order's statements concerning *Loper* and the *Boilermakers* test are susceptible to two readings: context for the Court's relevance determination, or a ruling on the legal standard that will ultimately govern SIA's classification. That ambiguity matters because the parties stipulated that the classification merits—an ultimate and dispositive issue—would be resolved through Phase I dispositive briefing. Accordingly, SIA needs to know, for example, whether it is limited in the arguments it may make regarding the standards applicable to the ultimate issue of whether SIA is a local or national labor organization. Clarification is also warranted because it would provide a clearer record (and potentially obviate the need) for any additional motion practice or for any objection under Rule 72.

SIA reads the Order as resolving only the discoverability of Topic 6 and as making no final determination on the governing standard with respect to SIA's classification. Indeed, the parties did not brief the issue. The Court's Order stemmed from a short-form discovery motion, which is a procedural device through which a party (and certainly SIA here) would not normally expect to resolve such an issue. SIA respectfully submits that a short-form discovery motion—which has a default cap of 500 words and which arises in the context of discovery and its special need for balancing efficiency, rather than a dispositive phase of the case—is not a vehicle well-suited for

[2] This case was referred under 28 U.S.C. § 636(b)(1)(A). ECF No. 22.

resolving such an issue. Clarification will prevent any misunderstanding about the Order's effect in later proceedings and will not disturb the compelled testimony about Topic 6.

**CONCLUSION**

For the foregoing reasons, SIA respectfully requests that the Court clarify whether its October 19, 2026 Order was intended solely to determine the discoverability of Topic 6 in Phase I, without finally deciding the legal test that will apply to the ultimate Phase I issue of SIA's classification as a local or national, or foreclosing the parties' arguments on those issues, which remain subject to briefing and adjudication in the appropriate phase of this litigation.

DATED October 30, 2026.

/s/ *Leah Trahan*
Erik A. Christiansen
Christina M. Jepson
Leah E. Trahan
PARSONS BEHLE & LATIMER

Gregg M. Formella
GREGG M. FORMELLA JD

*Attorneys for SkyWest InFlight Association*

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I caused a true and correct copy of the foregoing SIA's Motion for Clarification of the Magistrate Judge's October 19, 2026 Memorandum Decision and Order (ECF No. 99) to be filed using the Court's CM/ECF system, which provided service on all attorneys of record appearing thereon.

/s/ *Leah Trahan*